**Darnita RIGGINS, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant.**

No. 2:14–cv–04171–SRB.

United States District Court, W.D. Missouri, Central Division.

Signed March 27, 2015.

Christopher E. Roberts, David T. Butsch, Butsch Roberts & Associates LLC, Clayton, MO, for Plaintiff.

Daniel David Williams, Boulder, CO, Michael S. McCarthy, Denver, CO, Jeffrey A. Kennard, Lisa Bolliger, James D. Griffin, Scharnhorst Ast Kennard Griffin, PC, Kansas City, MO, for Defendant.

## ORDER

STEPHEN R. BOUGH, District Judge.

Before the Court is Defendant's Motion for Summary Judgment on Claims of Donita Riggins. (Doc. # 50). For the reasons stated herein, the motion is DENIED.

### I. Background

This matter involves an insurance dispute regarding the interpretation of Plaintiff Donita Riggins' homeowner's policy. The parties agree as to the facts relevant to the Court's decision, and the following summary is taken from the parties' uncontroverted statements of fact. On April 28, 2012, a hail storm damaged the roof, gutters, and downspouts of Plaintiff's residence. Plaintiff made a claim for the damage to her "dwelling" under her homeowner's policy with Defendant American Family Mutual Insurance Company. The policy gave Plaintiff two options in the event of property damage: (1) get the cash value of what was damaged at the time it was damaged (actual cash value) or (2) get the money to replace the damaged property (replacement cost). Plaintiff's policy defines "actual cash value" as "the amount it costs to repair or replace property with property of like kind and quality *less depreciation for physical deterioration and obsolescence.*" (emphasis added).

In calculating the "actual cash value" payment to Plaintiff under the policy, Defendant depreciated the entire estimated cost of repair, including materials and labor. Defendant seeks a decision by this Court that its calculation of "actual cash

value," which included depreciation of labor costs, was proper and that Plaintiff received the payment due her under the policy. Plaintiff opposes Defendant's motion on the basis that the terms of Plaintiff's policy do not allow depreciation of labor costs in calculating "actual cash value."

## II. Legal Standard

Fed.R.Civ.P. 56(a) provides, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." As stated previously, the parties agree as to the facts relevant to the Court's decision. "In disputes involving the interpretation of unambiguous contracts, the Eighth Circuit has consistently upheld the appropriateness of summary judgment." *Victor v. Home Sav. of America,* 645 F.Supp. 1486, 1489 (E.D.Mo.1986) (citing *Howard v. Russell Stover Candies, Inc.,* 649 F.2d 620, 623 (8th Cir.1981)). "A contract is ambiguous only if reasonable people may fairly and honestly differ in their construction of the terms because the terms are susceptible of more than one meaning." *Lupo v. Shelter Mutual Ins. Co.,* 70 S.W.3d 16, 19 (E.D.Mo.2002) (citation omitted). "A contract is not ambiguous merely because the parties disagree over its meaning." *Id.* (citation omitted).

Here, neither party argues that the contract is ambiguous. As a result and based on a plain reading of the policy, the Court concludes that even though the parties advance differing interpretations, the contractual provision at issue, *i.e.* the definition of "actual cash value," is unambiguous. As no ambiguity exists, the Court must construe the policy as written. *Lupo,* 70 S.W.3d at 19. "It is well-settled law in Missouri that when interpreting the language used in an insurance policy, the court gives the term its ordinary meaning, unless it appears a technical meaning was intended." *Id.*

## III. Discussion

By its motion for summary judgment, Defendant asks this Court to declare that the policy definition of "actual cash value"—"the amount it costs to repair or replace property with property of like kind and quality less depreciation for physical deterioration and obsolescence"—allows Defendant to depreciate the *entire* estimated cost of repair, including materials and labor, in calculating Plaintiff's "actual cash value" payment. Plaintiff counters that the phrase "for physical deterioration and obsolescence"[1] limits the type of depreciation that may be factored into a calculation of "actual cash value" and, particularly, that depreciation for labor may not be included.

In support of its position, Defendant relies primarily upon a decision by the Missouri Court of Appeals, in which the policyholder/plaintiff argued that the defendant/insurer was not entitled to deduct depreciation in calculating plaintiff's loss payments under the insurance policy. *Porter v. Shelter Mutual Ins. Co.,* 242 S.W.3d 385, 387 (Mo.Ct.App.2007). In affirming the trial court's grant of summary judgment in defendant's favor, the court held, "Actual cash value means a depreciated sum, i.e., the difference between the reasonable value of the property immediately before and immediately after the loss." *Id.* at 390. The insurance policy at issue in *Porter* did not define "actual cash value." *Id.* at 387. If the issue before this Court was whether *any* amount of depreciation may be factored into a calculation for "actual cash value," *Porter* may apply. Here, however, the parties agree that some amount of depreciation may be prop-

---

1. The parties agree that "obsolescence" is not     at issue in this case.

erly included. Plaintiff argues only that the policy language does not allow a depreciation factor to be applied to the entire estimated cost of repair, only physical deterioration and obsolescence.

The parties agree that no Missouri court has interpreted an insurance policy that defines "actual cash value." Focusing solely on the plain and unambiguous language in Plaintiff's policy, this Court finds that the phrase "for physical deterioration and obsolescence" limits the type depreciation that may be factored into a calculation of "actual cash value." As a result, Defendant's calculation of the "actual cash value" due to Plaintiff under her policy, which included a depreciation factor applied to the entire estimated cost of repair, was improper.

Accordingly, it is hereby ORDERED that Defendant's Motion for Summary Judgment on Claims of Donita Riggins, Doc. # 50, is DENIED.